For plaintiff: Frank F. Nolan.

For defendant: Jeremiah J. Sullivan.

---

Domenico G. Rado
vs. } Eq. No. 6630
David Dwares.

March 16, 1928

TANNER, P. J. This is a bill to establish a partnership and obtain an

accounting. It is now heard upon exceptions to the Master's report.

We can not say that the Master was not justified in finding that there was a partnership as to all the cotton yarns that were bought and sold by the complainant and the respondent. The finding of the Master is supported by the admissions of the respondent and also by the way in which purchases and sales by both parties were entered upon the books indiscriminately.

We think, however, that the account as stated by the Master is incorrect. Inasmuch as the bookkeeper stated the net profit as $3800 or $3900, we think the smaller sum, $3800, should be taken under consideration. If the bookkeeper was correct in stating that the personal account of the complainant, including advances to him for his own use and the proceeds of sales collected by him and used for his own personal benefit, had been deducted in ascertaining this net profit of $3800, such a deduction would be unwarranted, as it would compel the respondent to pay for half of the sum used by the complainant for his personal benefit. It would, therefore, be necessary to restore this amount by adding it to the sum of $3800, mking $4161.85. This amount should be halved, making $2080.92. From the complainant's one-half should be deducted the $361.85 which has been added plus $306.16 debited by the Master to the complainant as having been collected by the complainant since the dissolution. These two sums, amounting to $668.01, deducted from $2080.92, leave $1412.91. To this sum must be added $264.05 credited complainant by the Master, making $1676.96 due the complainant.

We think, however, that it is extremely doubtful if anyone with the most elementary knowledge of bookkeeping would have deducted from the profits the amount of a personal account of one partner used by him for his own benefit. We therefore think that the correct amount would be one-half of $3800, which is $1900, less the whole of complainant's personal account of $668.01, to which must be added the $264.05 credited by the Master to the complainant, leaving $1496.04, with interest, due to the complainant.

We overrule exceptions 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16. Of these exceptions, 8, 9, 10, and 11 seem to us to call for immaterial ruling.

Exceptions 4, 5, 17, 18, 19 and 20 are sustained.

For complainant: McGovern & Slattery.

For respondent: Max Winograd & Geo. F. Troy.